■ 110 Amity Associates, LLC, et al., Respondents, v Grubb & Ellis New York, Inc., et al., Appellants. [875 NYS2d 64]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered September 19, 2008, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiffs brought this action, for tortious interference with a prospective contract, against real estate brokers and their firm in connection with plaintiffs' failed attempt to purchase property. The crux of the suit centers on a March 12, 2007 conversation between plaintiffs' counsel and the brokers that occurred after execution of the contract of sale but before its delivery to plaintiffs, which was required for the contract to be effective. During this conversation, it is undisputed that plaintiffs' counsel used the term "buyer's remorse" and requested that the brokers provide evidence of a competing bid, which statement and request the brokers relayed to the owner.

Plaintiffs claim that defendants acted wrongfully in failing to disclose to the owner the entirety of the March 12 conversation, and mischaracterizing their counsel's "buyer's remorse" statement, which was allegedly said in a jocular manner. These al-

legations do not rise to the level of such "wrongful means" as physical violence, fraud or misrepresentation, which are necessary to establish a claim for tortious interference with a contract (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 624 [1996]). Similarly lacking is proof that defendants were solely motivated by malice, as defendants have set forth that they disclosed the subject telephone call to the owner based on their contractual and fiduciary duty to do so (*see Snyder v Sony Music Entertainment*, 252 AD2d 294, 300 [1999]). Indeed, as brokers, defendants had a clear economic interest in closing the deal, separate from any possible malice (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]).

Motion seeking leave to strike portion of reply brief denied. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Freedman, JJ.